## J. L. NICKELSON v. MARGARET INGRAM.

A judgment sustaining a demurrer to a petition, for want of form and of proper parties, is not a bar to another suit for the same cause of action. Its effect is, not to decide that the claim is an invalid one, but merely that the suit brought, cannot be sustained in that form and against those parties.

Letters of administration ought not to be granted to a married woman, if her husband refuse to join in the administration; and if such refusal be apparent on the face of her petition for letters, the application must be refused.

The holder of a promissory note, executed by a married woman only, without her husband joining in it, is, without evidence as to its consideration, such a creditor of her estate, as entitles him to assert a right to letters of administration thereon.

APPEAL from Victoria.    Tried below before the Hon. Fielding Jones.

This suit was commenced in the County Court, on the 14th of June 1859, by the application of Margaret Ingram, the wife of James Ingram, for letters of administration on the estate of Julia A. Nickelson deceased, the wife of John L. Nickelson.

The petition of the applicant alleged, that at the preceding April Term of that court, she had applied for letters of administration; that John L. Nickelson, the husband aforesaid, had successfully contested her right, and that they were granted to him, on the usual terms of giving the bond and taking the oath prescribed by law; but that he had failed to give the bond, or to qualify in accordance with his said appointment; whereby the succession of said estate remained vacant.    She claimed the right to administer, on the ground that she was the principal, if not the only, creditor of the estate.    The petition further alleged, that she filed the application for letters of administration alone, her said husband, James Ingram, having consented thereto, but refused to join her in the application.

The following objections to the granting of the letters were made by John L. Nickelson, to wit: 1st. That the deceased, at the time of her death, was not indebted to the said applicant,

nor to any other person, in any manner which rendered her separate property liable therefor. 2d. That the applicant wished to procure the administration, for the purpose of establishing a pretended claim against the said estate, which had been pronounced by the judgment of the District Court of Victoria county, illegal and unfounded, and not a subsisting claim against the estate.

Upon the hearing in the County Court, the applicant filed exceptions to the objections, and excepted to the right of Nickelson to make opposition, because of his having been appointed administrator on the said estate, and failed to qualify under the appointment. These exceptions were sustained, and an order was made that letters of administration should issue to the applicant, upon her compliance with the requirements of the law. From this order, an appeal was taken by Nickelson to the District Court.

In the District Court, the cause was submitted without the intervention of a jury, and the appellant offered and read in evidence, the record of a case, in which James Ingram and Margaret Ingram his wife, were plaintiffs, and John L. Nickelson and Clara Nickelson, a minor, were defendants, instituted in the District Court of Victoria county, on the 20th of April, 1858, and determined on the 28th of February, 1859. This suit was founded on a promissory note, made by the deceased, whilst she was a married woman, of the following tenor.

"Victoria, March 3d, 1855.

"Twelve months after date, I promise to pay Margaret Ingram, the sum of two hundred dollars cash, with ten per cent. per annum interest from date, for value received of her.

"JULIA A. NICKELSON."

The plaintiffs alleged the death of the maker, and that no administration had been had on her estate, and that the defendants, as her surviving husband and child, were her sole heirs, and possessed all the property owned by her at her death, which was

sufficient to pay all debts against the estate ; and they prayed for judgment against the defendants for the amount of the note, with interest and costs.

The defendants demurred to the petition, and set forth the following causes of demurrer, to wit: 1st. That there was a misjoinder of parties defendant.   2d. That the petition showed that the maker of the note was a married woman, and did not state a case within the exceptions of the statute, in which a married woman could make a valid contract.   3d. That the said claim had not been sworn to, and presented for acceptance before suit brought, as required by law.   4th. That the petition set up a claim against the heir of the intestate, and set up the same claim as an individual debt of one of the defendants.   5th. That it sought to make the defendant, J. L. Nickelson, liable on a contract not made by him in person, or by his agent for him.

There were several amendments to the petition, and also additional exceptions to the sufficiency thereof, which need not be here set out.   The demurrer was sustained, and judgment rendered in favor of the defendants for the costs of suit.

After the introduction of the foregoing record, the appellee offered in evidence the note above described and set forth.   The court thereupon affirmed the judgment of the County Court, granting letters of administration to the appellee.

*A. H. Phillips*, for the appellant.

*George M. Reid*, for the appellee.—The judgment of the court below was correct.   This was not a proceeding instituted either to establish or exhibit any legal indebtedness on the part of the decedent, but simply an application for letters of administration, without which no claim could be established against the estate; for, no matter how meritorious it might be, its legality could not be tested, nor its merit even discussed, until after the grant of letters of administration.   Hart. Dig. Art. 1242, p. 395.

That the claim shown to the court was a contract made by a married woman, does not render it an invalid claim.   A wife

may contract debts, under certain circumstances. (O'Brien v. Hilburn, 9 Texas Rep. 298, 299; Booth v. Cotton, 13 Id. 363.)

The claim was only exhibited to the court, to show that there was a claim, but not by any means to test its validity; for that was not the proper time nor place, neither had it been prepared for that purpose, by affidavit.

The decedent died in the year 1855, indebted to the appellee in the sum of money in the note specified. The appellee waited until her claim was nearly barred by the statute, for the decedent's husband to administer or pay the debt, and then herself applied for letters, finding the husband had no intent, either to administer or to pay the debt. This is the only debt, so far as we know, that the estate owes; and the appellee stands exactly in the position defined in Ansley v. Baker, 14 Texas Rep. 613, where the court says: "A stranger, of any delicacy of feeling, would hesitate long before he would take the step of administration, and the defendant, in such cases, should not be permitted to take advantage of the good feelings of his creditors, to his own profit and their loss."

Then, having a claim against the estate, which they failed and refused to pay, the only course was to apply for letters, which was done. The appellant contested, and demanded the letters for himself. They were granted to him, as his right. He failed to give bond. The appellee applied again, and the appellant again contested; and this time, in his pleadings, admitted that there was an estate to be administered upon. Letters were granted to the appellee. The defendant appealed. The judgment of the County Court was affirmed, and now he appeals to the Supreme Court. The appellee submits, that if there be a debt, and an estate, out of which the heirs will not pay the debt, without administration, then, under the law, letters of administration become a right to her.

A wife may contract debts, in certain cases. (Booth v. Cotton, 13 Texas Rep. 363; Cravens v. Booth, 8 Id. 249.) There is as much necessity to administer on a wife's estate as a husband's.

41

(Wood v. Wheeler, 7 Texas Rep. 19.) And administration is a creditor's right, when the heirs and next of kin refuse to administer. (Ansley v. Baker, 14 Texas Rep. 611; Cain v. Haas, 18 Id. 616.)

From the whole course pursued by the appellant, in this case, from the first application for letters, up to this time, we feel compelled to suggest delay, and ask damages, if the law will give it.

BELL, J.—We are of opinion that the cause shown by Mrs. Ingram, in the County Court and in the District Court, was sufficient to authorize the grant of letters of administration upon the estate of Julia A. Nickelson, deceased.

The suit which Mrs. Ingram and her husband instituted in the District Court, against John L. Nickelson and Clara Margaret Nickelson, went off on demurrer. The effect of the judgment in that suit, was not to declare that the claim sued on was an invalid claim, but merely to declare that the suit could not be maintained in the form in which it was then presented to the court, and against the parties then sued.

But the record discloses an obstacle to the grant of letters of administration to the appellee, which we deem insuperable, although it does not seem to have been noticed in the court below, and is not noticed by the counsel in their briefs. The petition of Mrs. Ingram to the County Court, shows affirmatively, that Mrs. Ingram is a married woman, and that her husband refuses to join in her application for letters of administration. The 24th section of the Act of March 20th, 1848, regulating proceedings in the County Court, pertaining to estates of deceased persons, provides, that when a married woman shall wish to accept and qualify as executrix or administratrix, "she may, jointly with her husband, execute such bond as the law requires;" and that "whenever an executrix or administratrix may be a married woman, she and her husband shall act jointly in all matters pertaining to her said representative capacity." We think that this statute imposes upon the husband of a married woman, who may accept and qualify as executrix or administratrix, the duty of

assuming the representative capacity along with her; because the law would not empower any one to act as administrator of an estate, who had not assumed that capacity, and made himself not only responsible to parties interested, but subject to the authority of the court, in his character of administrator.

Because the record shows that the husband of Mrs. Ingram refused to join in the application for letters of administration, we think the County Court ought not to have granted the letters, and that the District Court erred in affirming the judgment of the County Court; for which error, the judgment of the District Court will be reversed, and the cause dismissed.

Reversed and cause dismissed.