## W. K. GRAY v. J. W. EDWARDS.

### No. 168.

**Res Adjudicata—Judgment on Demurrer.**—In reply to a reconvention in damages for wrongful attachment, plaintiff alleged that the attached property had been purchased by him at the sale subject to two mortgages, one of which he had paid off. To this defendant filed a demurrer which was sustained. *Held*, not an adjudication of the validity of the mortgage notes executed by defendant, barring a recovery by plaintiff in a subsequent suit thereon.

APPEAL from Grayson. Tried below before Hon. P. B. MUSE.

*Stratton & Moseley* and *Decker & Harris*, for appellant.—1. The pleadings in the attachment suit did not sustain the plea of res adjudicata in this case, and should not have been admitted in evidence. Parker v. Spencer, 61 Texas, 160; Bomar v. Parker, 68 Texas, 438; Wells on Res Adjudicata, sec. 446; Gold v. Railway, 9 U. S., 532; Herm. on Estop., secs. 272–274, 105.

2. It is not the law of this State, that the decision of a court of competent jurisdiction is conclusive not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case, and which they might have had decided. Tadlock v. Eccles, 20 Texas, 790; Cook v. Burnley, 45 Texas, 115; Willis v. Matthews, 46 Texas, 483; Teal v. Terrell, 48 Texas, 508; Philipowski v. Spencer, 63 Texas, 604; Seligson v. Collins, 64 Texas, 314.

No brief for appellee reached the Reporter.

TARLTON, CHIEF JUSTICE.—W. K. Gray, appellant here and plaintiff below, brought this suit in the District Court of Grayson County to recover from J. W. Edwards, appellee here and defendant below, a balance alleged to be due on two promissory notes, each for the principal sum of $350, subject to certain credits. The notes were executed by Edwards to Hall & Brown, and by the latter were endorsed to Gray.

The defendant successfully urged against the plaintiff's claim the plea of res adjudicata; and the sole question for our determination on this appeal is the sufficiency of that plea on the facts relied upon to support it.

These facts were as follows: W. K. Gray, plaintiff and appellant herein, sought to recover in a certain suit number 7034, in the District Court of Grayson County, from J. W. Edwards, defendant and appellee herein, a sum of money charged to be due on account of certain lumber which the defendant had disposed of, and for which he had failed to account. In that case, the plaintiff sued out a writ of attachment, which he caused to

be levied upon certain personal property of the defendant Edwards. The latter reconvened in damages, on the alleged ground of a wrongful attachment. He charged, that the plaintiff had caused property attached to be sold under order of the court before judgment, and that as a purchaser at that sale he had converted it to his own use. In his demand in reconvention he sought to recover the value of the property so converted.

To this plea in reconvention plaintiff Gray urged a replication or supplemental petition, in which he alleged, "that the property attached was sold subject to two mortgages (naming them), one for $775, the other for $892, due by defendant; that plaintiff became the purchaser of the property at the sale, and has since paid off the $775 mortgage." The plea concluded with a prayer for general relief. To this supplemental petition the defendant Edwards addressed a general demurrer, which was sustained by the court, and the judgment sustaining that demurrer in the suit number 7034 was held by the lower court in this case to operate as a bar to the recovery by plaintiff on the notes here involved.

In thus holding we think that the trial court erred.

It is by no means clear what was the end aimed at by the allegations in the supplemental petition referred to; whether the pleader intended to rely upon the existence of the two mortgages and the payment of one of them as a setoff to the defendant's demand in reconvention, or as tending to diminish the value of the property which was sold subject to these mortgages, and consequently the amount of the defendant's recovery in reconvention. But whatever may have been the purpose of the pleader, it is reasonably manifest that he did not by those allegations seek to assert as a cause of action the notes on which he here sues, nor can it be contended that the validity of these notes as a cause of action against the defendant was adjudicated by the court in its action on demurrer. This is the issue here involved, and such an issue was evidently not considered in the cause number 7034. Unless the judgment on demurrer in the former action determined "the whole merit of the case" in the second suit, it can not operate as res adjudicata. Wells on Res Adjudicata, sec. 446; Parker v. Spencer, 61 Texas, 161; Cook v. Burnley, 45 Texas, 97.

The record shows, that but for the view entertained by him on the plea referred to, the learned trial judge would have rendered judgment for the appellant in accordance with the prayer of his petition. We therefore reverse the judgment and here render it for the plaintiff for the sum due upon the notes sued on, which we find to be $773.74, principal and interest to December 15, 1890, the date of the judgment below. The judgment will bear interest at 10 per cent from that date.

*Reversed and rendered.*

Delivered May 27, 1893.