Texas Land and Loan Company et al. v. Ellen J. Winter.

No. 908. Decided May 24, 1900.

1. **Trial—Judgment Entry—Subsequent Proceedings.**

Failure to enter upon the minutes of the court a judgment making final disposition of the case does not change its attitude, and no further proceedings can be had at a subsequent term except to enter such order nunc pro tunc. (P. 563.)

2. **Final Judgment—What Constitutes.**

In order to constitute a final judgment dismissing a cause there must be an express adjudication to that effect. It is not sufficient that the court make a ruling which should logically lead to a final disposition of it, but the consequence of the ruling to the parties must also be declared. (P. 563.)

3. **Same—Ruling on Demurrer.**

Sustaining exceptions going to the foundation of plaintiff's action as pleaded, without entering judgment or taking further action thereon, did not operate as a dismissal. Plaintiff, notwithstandng such ruling, had a right to amend his pleadings so long as the case remained in court; the order remained interlocutory and the case open to procecdings at a subsequent term. (Pp. 561-564.)

4. **Same.**

A defendant whose exceptions were sustained, but no order entered thereon, a judgment being rendered against him at a subsequent term, was bound by such judgment until reversed on appeal, the entry of such final judgment prevailing over the rulings made on the demurrer. (Pp. 561-564.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Action by John G. Winter to enjoin execution of a dormant judgment against himself and wife. Defendant, the loan company, made the wife a party to a cross-action to revive, and had such judgment. This, on appeal, was affirmed as to Winter and reversed as to the wife, and the loan company obtained writ of error.

*Jas. A. Harrison,* for plaintiff in error.—An order of court sustaining exceptions to pleadings, but not entering judgment thereon, so as to dispose of the case, is not a final judgment, but an interlocutory order, and will not support an appeal; consequently will not support a plea of res adjudicata. Black on Judg., arts. 29, 695; Freeman on Judg., 3 ed., art. 251; Bigelow on Estoppel, 4 ed., 56; 2 Am. and Eng. Enc. of Pl. and Prac., 61, 62; State v. Staylor, 17 Atl. Rep., 392; Paddock v. Insurance Co., 12 N. Y., 591; Johnson v. Polk Co., 3 So. Rep., 414; Rose v. Gibson, 71 Ala., 35; State v. Falconer, 5 S. W. Rep., 193; Slagle v. Bodmer, 58 Ind., 465; Knapp v. Marshall, 26 Ill., 63; Palmer v. Crane, 8 Mo., 619; Kirchner v. Wood, 48 Mich., 199; Moraga v. Emeric, 4 Cal., 308; Miller v. Railroad, 7 Neb., 227; Webb v. Buckelew, 82 N. Y., 555.

*F. M. Maxwell* and *Felix H. Robertson,* for defendant in error.—The District Court, when it satisfactorily appears that an order was actually

made at a former term which was not entered on the minutes, may at any time direct such order to be entered on the records as of the term when such order was made. Batts' Civ. Stats., art. 1357, note 5798.

The action of the court in cause No. 6505 on the 17th day of January, 1895, in sustaining all the exceptions made by defendants to plaintiff's petition, was as conclusive of that cause of action as if the plaintiff had proved all its allegations and a judgment had been rendered against it. Such judgment is binding until reversed, vacated or set aside. Merle v. Andrews, 4 Texas, 200; Parker v. Spencer, 61 Texas, 155; Freeman on Judg., 2 ed., sec. 267.

When the nunc pro tunc order was made giving effect to the order which had been made in cause 6505 on the 17th of January, 1895, then the record of cause 6505 stood as if a proper entry on the minutes of the court, of the ruling on defendants' exceptions, had been entered on the 17th of January, 1895. Burnett v. State, 14 Texas, 455; Rhodes v. State, 29 Texas, 188; Freeman on Judg., 2 ed., par. 67.

There can be only one final judgment in cause No. 6505. Rev. Stats., art. 1337; Bomar v. Parker, 68 Texas, 438.

The form of a judgment is not material if it contains sufficient to show what was the action taken by the court; it must be read in the light of the pleadings. Hamman v. Lewis, 34 Texas, 478; Dunlap v. Southerlin, 63 Texas, 42; Freeman on Judg., 2 ed., par. 45.

The defendants' exceptions to plaintiff's petition having been sustained on the 17th day of January, 1895, and the plaintiff having declined to amend, but excepting to that order of the court, the legal consequence of such action was the dismissal of cause No. 6505 as to Ellen J. Winter, and any judgment rendered against her at a subsequent term is void. Wooton v. Manning, 11 Texas, 328; Freeman on Judg., 2 ed., par. 267.

After an order had been made in cause 6505 sustaining the exceptions presented by Mrs. Winter to plaintiff's pleading, and that term of the court had closed, she was not required to be longer attendant upon the court or cognizant of what might be attempted in that case. Coffee v. Black, 50 Texas, 118.

The judgment attempted to be entered against Mrs. Winter on the 17th of October, 1895, in cause No. 6505 was void, unless jurisdiction over her person had been acquired in some one of the methods prescribed by law. Rev. Stats., art. 1245; Witt v. Kaufman, 25 Texas Supp., 384; Douthit v. Martin, 39 S. W. Rep., 944.

WILLIAMS, ASSOCIATE JUSTICE.—On the 27th of October, 1893, the plaintiff in error instituted suit against John G. Winter and his wife, Ellen J. Winter, who is the defendant in error, to recover judgment against the husband for a debt and against both parties for the foreclosure of a lien upon the property described in the petition, arising upon a contract between Winter and wife and Wm. Cameron & Co. for material furnished by the latter for the improvement of such property,

and assigned by them to plaintiff. Winter and wife, by attorneys employed by Winter, filed an answer, containing exceptions to the plaintiff's petition, some of which were fundamental, and, if good, went to the foundation of the action. On the 17th of January, 1895, the exceptions were presented and were sustained by the following entry upon the judge's docket: "Exceptions of defendants to plaintiff's petition sustained. Plaintiff excepts." This order was not carried into the minutes of the court and no further action was taken in 'the cause until the October term, 1895, when John G. Winter, by agreement between him and the plaintiff, and without the knowledge of his wife or the attorneys representing them, withdrew the answer previously filed and presented another answer in lieu thereof, in the names of himself and wife, in which they admitted the allegations of plaintiff's original petition and virtually consented to the judgment prayed for. The court, upon this answer and agreement and proof heard, entered judgment in favor of the plaintiff against John G. Winter for the debt sued for and against both parties for the foreclosure as sought. This judgment makes no reference to the previous ruling on exceptions. An order of sale having been taken out on this judgment prior to the 18th of August, 1897, John G. Winter at that time instituted the proceeding now before us to enjoin the execution of the writ upon the ground that the judgment was dormant. The Texas Land and Loan Company filed a cross-petition for a revival of the judgment, making Ellen J. Winter a party. She answered the petition for the revival of the judgment, claiming that the judgment was void because of the fact that the court, prior to its rendition, had entered a final judgment sustaining exceptions to the petition and disposing of the cause, and that she was no longer before the court when the last judgment was entered. She also asked that the judgment previously pronounced upon demurrer be entered nunc pro tunc so as to show that the cause was thereby finally disposed of as to her. The District Court, passing upon these several issues, granted the motion to enter nunc pro tunc the order of January term, 1895, so far as, to show simply that the exceptions to the petition were sustained and that plaintiff excepted, but refused to add to such entry a further adjudication finally disposing of the case. The court also entered judgment reviving the judgment of October term, 1895, as prayed for by the plaintiff. Mrs. Winter carried the case to the Court of Civil Appeals by writ of error, in which the judgment below was affirmed in favor of plaintiff as against John G. Winter and was reversed in favor of Mrs. Winter, and the cause was remanded with instructions to the trial court to enter nunc pro tunc a final judgment in her favor, based upon the order of the court made at the January term, 1895, disposing of the demurrers, discharging her from that cause without foreclosure of the lien prayed for, and that the court enter judgment in her favor in the present proceeding that plaintiff take nothing, etc. The Court of Civil Appeals held that the action upon the demurrers at the January term, 1895, amounted to a final judgment disposing of the case as to Mrs. Winter, and that in conse-

quence thereof, she was no longer before the court when the judgment of October, 1895, was rendered, and that the court, therefore, had no power over her or to render any judgment against her. This court, believing this view of the case to be erroneous, granted the present writ of error, and the question thus raised is the one upon which the determination of the controversy depends. If the proposition that the judgment upon demurrer was a final adjudication of the cause were true, it would undoubtedly follow that, after the adjournment of the term at which it was rendered, the court would have had no such jurisdiction over the parties or the subject matter of that suit as to empower it to render, upon the issues of that cause, any further judgment affecting them. It is equally true that a failure to enter the order or judgment of the court upon the minutes does not change the attitude of the case, for, when the controversy arose, it was unquestionably competent for the court to supply the omission and to make such entry nunc pro tunc as would properly represent the action previously taken. We shall therefore treat the case as if the proper entry upon the minutes had been made in January, 1895. We can not agree, however, to the proposition that the action then taken by the court was a final disposition of the case or of any issue in it as to any party to it. The entry made was nothing more than the recorded expression of the ruling of the court sustaining the exceptions. If the dismissal of the case should have logically followed from the ruling made, it was nevertheless essential to the finality of the action of the court that it should have declared such consequence by the judgment pronounced. It is not sufficient to constitute a final judgment that the court make a ruling which should logically lead to a final disposition of the cause, but the consequence of the ruling to the parties must be also declared. One of the accepted definitions of a final judgment is that it is "the awarding of the judicial consequences which the law attaches to facts." Hanks v. Thompson, 5 Texas, 6; Bradshaw v. Davis, 8 Texas, 344; Warren v. Shuman, 5 Texas, 449. Should it be conceded, therefore, as contended by defendant in error, that a dismissal of the cause or a final judgment in favor of Mrs. Winter, at least, properly followed from the ruling on exceptions, it can not be admitted that the court, by its judgment, so declared and adjudicated. It is not enough to make a final judgment that we can see that the court ought to have rendered one. What the court did must have amounted to a final determination of the rights of the parties resulting from the ruling made. In the case of Andrews v. Richardson, 21 Texas, 295, an order was entered that if the plaintiff should not amend his petition by the first day of the term next succeeding the order, the case should be dismissed. The plaintiff did not amend his petition by the given time, but did amend later, and, after such amendment and the taking of various other steps in the cause, the defendant moved to dismiss because of noncompliance with the order, and the motion was sustained. The Supreme Court, in passing upon this action, said: "The motion assumed that the failure to comply with the order operated a dismission of the cause, but this was

manifestly a mistake. It required a final judgment, from which an appeal would lie, to effect such dismission. No such judgment was rendered; the cause was not dismissed." This authority recognizes the proposition, which, in fact, runs through all our decisions on the subject, that in order to constitute a final judgment dismissing a cause, there must be an express adjudication in substance to that effect.

But it can not even be conceded that a dismissal of the plaintiff's action necessarily followed from the ruling announced by the court upon exceptions. The plaintiff, notwithstanding such ruling, had the right to amend its pleadings so long as the case remainded in court. If the plaintiff declined to amend or failed to ask leave to amend, the court, if it considered that the ruling on exceptions established that there was no cause of action sufficiently averred in the petition, might have dismissed the case; but the dismissal, in such cases, "is the immediate consequence rather of the failure to amend than of the judgment upon demurrer." Hughes v. Lane, 25 Texas, 366. The entry made by the judge does not show either that the plaintiff did or did not ask leave to amend, but no action was taken to cut off the right of amendment at some future time. The case was thus left in suspense depending upon such order as the court might thereafter make.

From these considerations, as well as from the authorities cited, it follows that the order made by the court upon the exceptions was not a final disposition of the case, but was simply interlocutory. It is well settled that judgments of this character do not, as do final judgments, deprive the court of power over the parties and the subject matter involved. On the contrary, until the final judgment is rendered, the court has complete power to render such judgment as it deems the parties, upon the merits, are entitled to have, since the parties and subject matter are before the court and subject to its jurisdiction. Freeman on Judg., secs. 29, 32(a), 121, 142, 251; Perkins v. Fourinquet, 6 How., 209; 1 Black on Judg., 308; 2 Id., 509, 695. We are not speaking now of the regularity of the proceedings, but merely of the power of the court. The fact that the suit and the parties to it were still in court made them subject to its authority and to the judgment finally rendered, and their remedy against error in the action taken was by appropriate appellate proceeding. It is evident that none of the parties to the case could have appealed from the order upon the exceptions. In addition to those cited, the following authorities hold that a judgment sustaining or overruling a demurrer but not expressly disposing of the case, is not a final judgment from which an appeal may be prosecuted: Elwell v. Johnson, 74 N. Y., 80; Cambridge, etc., Bank v. Lynch, 76 N. Y., 514; Kirchner v. Wood, 48 Mich., 199; Rose v. Gibson, 71 Ala., 35; Gage v. Eich, 56 Ill., 297; 13 Am. and Eng. Enc. of Law, pp. 24, 25, and cases cited. Notwithstanding the opinion previously expressed in the ruling on the exceptions, the court, when it came to finally dispose of the cause, had complete power to render such judgment as in its opinion the rights of the parties demanded, and if such judgment was inconsistent with the order made

upon the exceptions, the order must give way to the judgment instead of limiting its effect. Cannon v. Hemphill, 7 Texas, 194. We conclude that the action taken by the District Court in the present proceeding in the entry nunc pro tunc of the order of the January term, 1895, and in the judgment holding valid the judgment of the October term, 1895, was correct and that the judgment of the Court of Civil Appeals, in reversing such action and giving instructions to enter a different judgment, was erroneous. The judgment of the Court of Civil Appeals will therefore be reversed and that of the District Court will be affirmed.

*Judgment of Court of Civil Appeals reversed and that of District Court affirmed.*