## LE SAGE v. MAXIE et ux. (No. 2679.)

(Court of Civil Appeals of Texas. Amarillo. June 30, 1926.)

**1. Courts ☞89.**

Decision of Commission of Appeals, expressly approved by Supreme Court, and overruling decisions of the Courts of Civil Appeals, becomes law of land.

**2. Automobiles ☞19.**

Sale of secondhand motor vehicle is not void because not accompanied by bill of sale and transfer of license receipt required by statute.

**3. Judgment ☞564(1).**

Judgment of court of competent jurisdiction, declaring neither party entitled to relief, and that court will not take cognizance of case but will leave parties as found, is not final judgment res judicata of controversy.

**4. Chattel mortgages ☞176(4).**

In mortgagor's action for conversion of automobile by mortgagee, where validity of mortgage and legality of foreclosure proceedings was in issue, exclusion of mortgage from evidence *held* error.

**5. Venue ☞8—Where regularity of writ of sequestration, and conduct of officer making levy was unquestioned, conversion, if any, occurred when and where affidavit upon which writ was issued was made.**

Where affidavit upon which writ of sequestration was issued had been made in one county and writ executed in another, but regularity of writ and conduct of officer making levy was unchallenged, conversion, if any, occurred when and in county where affidavit was made.

**6. Trespass ☞27.**

Gist of action for "trespass" to personal property is injury to possession, and therefore right to possession is good defense.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespass.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(286 S.W.)

### 7. Chattel mortgages ⚙️161.

Purchaser of automobile, in arrears on debt secured by mortgage on automobile, under terms of which seller had right of possession, *held* not entitled to sue for damages for taking by seller.

Appeal from District Court, Knox County; J. H. Milam, Judge.

Suit by Ollie Maxie and wife against R. L. Le Sage. Judgment for plaintiffs, and defendant appeals. Reversed and remanded, with· instructions.

Marshall & King, of Graham, for appellant.

M. F. Billingsley, of Munday, for appellees.

RANDOLPH, J. Le Sage, as plaintiff, filed suit in the justice court of precinct No. 1, Young county, Tex., against Ollie Maxie, and wife, as defendants, to recover judgment upon described notes and to foreclose a chattel mortgage lien upon a secondhand Ford car, and caused a writ of sequestration to issue in said cause and placed same in the hands of the sheriff of Knox county, Tex., who levied same on the car in question herein, taking the car into his possession. Later, Le Sage filed his replevy bond, took possession of the car, and disposed of it.

The disposition of the case in the justice court is nowhere shown in the record, except inferentially by recitals in the copy of the judgment of the county court of Young county, introduced in evidence. The judgment of the county court only shows that the case was tried on appeal from the justice court, but fails to show in whose favor the justice court rendered judgment, or on whose appeal the case was carried to the county court. The judgment of that court recites that both parties appeared in person and by counsel, and that the trial court, having fully considered the case, "is of the opinion that neither party hereto is entitled to any legal or equitable relief, and that this cause as to both parties is such that the court will not have or take cognizance of same, but will leave said parties in the same position as the court now finds them." So far as the record discloses, this status has never been changed, but the parties to that suit, as to the cause of action therein contested, remain suspended between the "devil and the deep blue sea." The court says that he leaves them where he found them, but we are not informed as to where he found them.

The defendants in that suit then filed this suit in the district court of Knox county to recover damages for the conversion of their Ford car against Le Sage. The defendant, Le Sage, filed his plea of privilege, which, upon hearing on the facts, was overruled by the court, and notice of appeal from such ruling was given. The court then proceeded to try this case on its merits over the objection of the defendant, Le Sage, and rendered judgment in favor of the plaintiffs, Maxie and wife, and from such judgment defendant also appeals to this court.

The questions presented by appellant's propositions largely arise on alleged errors of the trial court in such court failing to sustain his contention that, the sale of the secondhand car being in violation of the requirements of the statute, a suit for damages growing out of that transaction could not be maintained by the plaintiffs.

[1] Various of our courts of Civil Appeals, including this court, have held that the sale of a secondhand motor vehicle, without the execution of a bill of sale and the delivery and transfer of the license receipt required by the statute, rendered such sale void, and for the same reason a suit based upon a cause of action arising out of such transaction could not be maintained in our courts. But in the case of Hennessy v. Automobile Owners' Ins. Ass'n, 282 S. W. 791, the Commission of Appeals hold that, as the language of the statute does not in unmistakable terms prohibit sales of secondhand motor vehicles, the Legislature had no intention to declare void such sales. This decision overrules the decisions of the Courts of Civil Appeals, and, by reason of the express approval of same by the Supreme Court, such decision becomes the law of the land.

[2] We therefore hold that a sale of a secondhand motor vehicle, not accompanied by a bill of sale and the transfer of the license, does not invalidate contracts for the sale of same, and does not invalidate mortgages given to secure the purchase money on such vehicle, and that suit can be maintained to enforce such contract and to foreclose such mortgage.

[3] But, if it should be insisted that the judgment in the county court of Young county, as between the parties to this suit, adjudicated and determined the issue of the invalidity of such transaction, then we say that no final judgment of that court is shown in the record. What the court had. in mind' to do is not the question, but what did it do by its decree? There being no final judgment of the county court, so far as that case in that court is concerned, it is still pending. This is said under the record in this case. Texas Land & Loan Co. v. Winter, 93 Tex. 560, 57 S. W. 39.

The county court of Young county had jurisdiction to determine the validity of the sale of the secondhand Ford car, and to determine whether or not the plaintiff in that case had a legal cause of action, but this such court expressly declined to do. If he had done so, and had determined in favor of the validity of the transaction, such conclusion would, incidentally, have disposed of

the plaintiffs' cause of action in the case at bar.

That the county court had jurisdiction to determine all questions in that suit pending in that court, see Stein v. Frieberg, Klein & Co., 64 Tex. 271; Seymour v. Hill, 67 Tex. 385, 3 S. W. 313; Eckford v. Knox, 67 Tex. 200, 205, 2 S. W. 372; Chambers v. Cannon, 62 Tex. 293, 295.

[4] There being no final judgment in the county court of Young county, the question of the legality of the foreclosure proceedings was not determined by the judgment of that court; hence the validity of that transaction in controversy, growing out of the sale of the secondhand car, remains to be and is determined by us as stated above. This being correct, we think the trial court erred in excluding from the evidence the mortgage securing the payment of the debt due by Maxie and wife for the purchase money of the car.

[5] In this suit the conversion is charged to have occurred in Knox county by virtue of the seizure of the car under the writ of sequestration. The mortgage tendered in evidence contains this provision:

"And the said mortgagor hereby covenants and agrees that, in case default shall be made by him in the payment of said note, or any part thereof, or the interest thereon when due, or if the said mortgagor shall become bankrupt, or if the said mortgagor shall sell or assign, or attempt to sell or assign said motor vehicle, or any part thereof, or shall, in any way, fail or refuse to carry out in full or violate any of the clauses, stipulations, covenants, and agreements herein contained, or if any writ or seizure shall be levied on said motor vehicle or any part thereof, then, in any or either of the aforesaid events, all of the notes above described, together with interest, shall, at the option of said mortgagee, its successors or assigns, become at once due and payable, without obligation to notify the said mortgagor, or any one else, and the said mortgagee, its successors and assigns, will thereupon have the right to take immediate possession of said property wherever found by any agents of its or their selection and may enter the premises of the mortgagor or any other premises where said motor vehicle may be, and search for the same, and, if found, take possession thereof and remove it to any place that the mortgagee, its successors or assigns, may see fit, and may sell and dispose of the said property with or without taking possession of said property, as he may deem best, at public or private sale, with or without notice to the mortgagor, and without having said property at the place of sale and without appraisement or any other formality and upon such terms and such manner as the mortgagee may deem best. * * *"

There is no question raised as to the regularity of the writ of sequestration under which the levy was made, and no pleading and no evidence of any act of oppression or other misconduct of the officer making the levy. This being true, if there was any

wrong done to the plaintiffs or any trespass upon their property, it occurred when the affidavit upon which the writ was issued was made in the county court of Young county; hence the conversion, if there was any, occurred in Young county upon the making of the affidavit by the plaintiff, Le Sage, in that case. Hubbard v. Lord, 59 Tex. 384, 385; Raleigh & Heidenheimer Bros. v. Cook, 60 Tex. 439, 442, Hilliard & Hilliard v. Wilson and Blum, 65 Tex. 286, 289; Leach v. Stone (Tex. Civ. App.) 264 S. W. 620, 622.

[6, 7] The gist of an action for trespass to personal property is the injury to the possession, and the right to the possession is a good defense to an action for damages for the taking possession of same by a party authorized to do so. As the appellant under the terms of the mortgage was entitled to the possession at the time he filed his suit in Young county, and caused the writ to be levied upon the car, no suit for damages could be maintained by the appellees for such taking. This is especially true where it appears from the evidence that appellee admits the nonpayment of the debt secured by the mortgage. Sabine Motor Co. v. W. C. English Auto Co. (Tex. Civ. App.) 283 S. W. 224, 228, and authorities therein cited.

In view of the fact that the district judge who tried the case at bar evidently acted, in his rulings in the case, upon the assumption that the law was as laid down by the Courts of Civil Appeals, in their holding that transactions growing out of the sale of secondhand cars which were not accompanied by a bill of sale and license were void, we reverse his judgment, and remand the case to him for trial under the instructions given above.