## STRATTON v. THOMPSON. (No. 2300.)

Court of Civil Appeals of Texas. El Paso.
June 10, 1929.

Howard & Jackson, of El Paso, for appellant.

Lackey & Lackey, of Stinnett, and Harris & Lackey, of McAlester, Okl., for appellee.

WALTHALL, J. This is a suit by appellant to recover damages in the sum of $1,500, for breach of an alleged contract to convey a one-half interest in a royalty interest owned by appellee.

Defendant answered by general and special exceptions and further "this defendant denies all and singular the allegations set forth in first amended original petition filed by plaintiff and says he is not guilty of the many wrongs and trespasses complained of therein and of this he puts himself upon the country, and for further answer defendant specially pleads the statute of frauds to all oral counts pleaded therein as a defense to the suit."

"Wherefore, premises considered, the defendant prays that plaintiff take nothing by this suit and that he have judgment quieting his title and removing the clouds therefrom on the property described caused by the filing of said suit and for all further and general relief, in law and in equity, and for all of which he' will ever pray."

The judgment appealed from reads:

"Now on, this, the 16th day of January, A. D. 1929, came on to be heard the above styled and numbered cause on plaintiff's first amended original petition, the court having on the 15th of January, 1929, sustained a general demurrer to plaintiff's original petition, and after having heard the general demurrer to said amended petition, the Court is of the opinion same is well taken and should be in all things sustained.

"It further appearing to the Court that suit in controversy involves the title and creates a cloud on the title to the defendant's land, which is described as follows, to-wit: The northwest quarter of the southeast quarter, forty acres, Section 15, Block 5, H&TC Ry Survey, Ward County, Texas, said forty acres could also be described as west one-quarter of the east one-quarter of said Section 15, and it appearing to the Court that defendant's answer asked for the cloud upon his title by virtue of said suit to be removed and that same be quieted therein, it is ordered that said defendant, H. E. Thompson's title forever be quieted and the cloud be removed therefrom for any reason created by virtue of the filing of said suit, either the filing of same in the District Court or any lis pendens record that may have been made thereunder and that the title to same be and is vested in the said H. E. Thompson so far as this suit is concerned.

"It is further ordered that the defendant take nothing upon his cross action filed herein and that the plaintiff pay all costs in this behalf incurred, to which action and rule of the court the plaintiff then and there in open court duly excepted and gave notice of appeal to the Honorable Court of Civil Appeals of the Eighth Supreme Judicial District, sitting at El Paso, Texas."

█ It is well settled that a judgment which simply sustains a general demurrer to a petition is not a final judgment. It must go further and declare the consequence of the ruling upon the demurrer by dismissing the suit or otherwise dispose finally of the same. Texas L. & L. Co. v. Winter, 93 Tex. 560, 57 S. W. 39; Dixon v. Sanderson (Tex. Sup.) 6 S. W. 831; Saffle v. Jones County (Tex. Civ. App.) 5 S.W.(2d) 185, and cases cited.

█ The only doubt we have as to the want of finality in the judgment appealed from arises upon that portion thereof which quiets defendant's title to the tract of land described in the judgment, and removes the cloud therefrom created by the filing of the suit, etc. If the plaintiff's petition was for specific enforcement of the contract declared upon or the plaintiff by virtue of such contract was asserting some interest in the land or royalty interest, then the portion of the judgment quieting title in defendant and removing cloud might be considered as an adjudication against plaintiff of such asserted rights and render the judgment final. But the plaintiff's suit was simply for damages. It cast no cloud on defendant's title. So it seems to us that portion of the judgment, in the state of the pleadings, is meaningless. Especially is this true in view of the latter portion of the judgment "that the defendant take nothing upon his cross-action herein."

For the reason stated, we think the judgment is not final, and the appeal should be dismissed.

The suit remains pending in the court below for final disposition. Texas L. & L. Co. v. Winter, supra.

Appeal dismissed.