## SECREST v. LEDBETTER.

### No. 1907.

Court of Civil Appeals of Texas. Waco.

June 3, 1937.

Barnie Cantrell, of Dallas, for plaintiff in error.

A. D. Emerson, of Waxahachie, for defendant in error.

GALLAGHER, Chief Justice.

This suit was instituted by plaintiff in error, Norman Secrest, against defendant in error, Dr. W. C. Ledbetter, to recover actual damages in the sum of $66,000 for an alleged tort. The court sustained defendant in error's general demurrer to plaintiff in error's petition and held that he should plead further. Plaintiff in error declined to do so and the court thereupon entered judgment in favor of defendant in error against plaintiff in error for all costs incurred in the proceeding, to which judgment plaintiff in error excepted and gave notice of appeal. The mere sustaining of a demurrer without a further order denying the relief sought or dismissing the case does not constitute a final judgment. Dixon v. Sanderson (Tex.Sup.) 6 S.W. 831; Texas Land & Loan Co. v. Winter, 93 Tex. 560, par. 3, 57 S.W. 39; Kuehn v. Kuehn (Tex.Com.App.) 242 S.W. 719, 720, par. 1; Oilmen's Reciprocal Ass'n v. Harris, 116 Tex. 247, 252, 288 S.W. 809; Saffle v. Jones County (Tex.Civ.App.) 5 S.W.(2d) 185, and authorities there cited; Johnson v. Sunset Stores (Tex.Civ.App.) 27 S.W.(2d) 644, 648, par. 8; Harrell v. Harrell (Tex.Civ.App.) 284 S.W. 611; Stratton v. Thompson (Tex.Civ.App.) 18 S.W.(2d) 820, 821, par. 1; Brock v. Kelley (Tex.Civ.App.) 85 S.W.(2d) 274, 275, par. 1.

Our statutes provide, in substance, that an appeal may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases. R.S. art. 2249 (as amended by Acts 1927, c. 52, § 1 [Vernon's Ann.Civ.St. art. 2249]). With certain statutory exceptions, it is well settled by a long line of decisions that no appeal can be prosecuted until a final judgment has been rendered. Such statutory exceptions have no application in this case. When it appears from the record submitted that an appellate court is without jurisdiction, it is its duty to dismiss the appeal on its own motion. Kosse National Bank v. Derden (Tex.Civ.App.) 36 S.W.(2d) 295, 296, pars. 1 to 4, inclusive, and authorities there cited; Dodd v. Daniel, (Tex.Civ.App.) 89 S.W.(2d) 494, par. 1.

The appeal in this case is therefore dismissed.