### HIGHTOWER v. KELLAM et al.

#### No. 10462.

Court of Civil Appeals of Texas.
San Antonio.

June 22, 1938.

Frank M. Kemp, J. M. Wilson, and Kleberg, Eckhardt & Lowe, all of Corpus Christi, for appellant.

Butler & Grimes, of Robstown, for appellees.

SMITH, Chief Justice.

This is an appeal from an order of the district court of Nueces County, sustaining a general demurrer and a certain special exception to appellant's statement of the grounds of his contest of a special election held in the City of Robstown, Texas, upon the question of whether or not certain revenue bonds should be issued.

We are confronted, at the threshold of this case, with the fact that the judgment attempted to be appealed from is not a final judgment. Said order reads in part, as follows:

"It is therefore considered by the Court that such demurrer and exception be sustained, and that the defendant recover of the plaintiff the costs, for which he may have his execution; to which ruling of the Court the plaintiff then and there excepted in open court, and gave notice of appeal to the Fourth Court of Civil Appeals of the Supreme Judicial District at San Antonio, Texas."

The mere sustaining of a general demurrer, in the absence of a further order denying the relief sought, or dismissing the case, is not a final judgment, and hence not an appealable order. Secrest v. Ledbetter, Tex.Civ.App., 106 S.W.2d 740; Dixon v. Sanderson, Tex.Sup., 6 S.W. 831; Texas Land & Loan Co. v. Winter, 93 Tex. 560, 57 S.W. 39; Kuehn v. Kuehn, Tex. Com.App., 242 S.W. 719; Saffle v. Jones County, Tex.Civ.App., 5 S.W.2d 185; Johnson v. Sunset Stores, Tex.Civ.App., 27 S. W.2d 644, 648; Stratton v. Thompson, Tex. Civ.App., 18 S.W.2d 820; Brock v. Kelley, Tex.Civ.App., 85 S.W.2d 274.

In the absence of a final judgment, this Court is without jurisdiction to hear and determine an appeal. It is, moreover, our duty to dismiss the appeal upon our own motion when the record discloses that we have no jurisdiction. Secrest v. Ledbetter, supra; Kosse National Bank v. Derden, Tex.Civ.App., 36 S.W.2d 295;

Dodd v. Daniel, Tex.Civ.App., 89 S.W.2d 494.

It is accordingly ordered that this appeal be, and same is, dismissed.