## FERGUSON et al. v. FERGUSON.

### No. 2089.

Court of Civil Appeals of Texas. Eastland.

Nov. 7, 1941.

Rehearing Denied Dec. 5, 1941.

McNees & McNees, of Dallas, for plaintiffs in error.

J. S. Kendall, of Munday, and Scarborough, Yates & Scarborough, of Abilene, for appellee.

FUNDERBURK, Justice.

In the trial court, upon the verdict of a jury, plaintiff, Joe Lee Ferguson, recovered judgment against defendant, A. M. Ferguson, for $25,000, and foreclosure of a lien upon property not described otherwise than by reference to the lien "set up and described in that certain contract made between plaintiff and defendant." (No question is presented regarding foreclosure.) The cause of action asserted by plaintiff is one to recover liquidated damages, according to a provision in an arbitration agreement of the parties. Heretofore there has been one appeal to this court involving an interlocutory order in this case refusing to vacate the appointment of a receiver. Ferguson v. Ferguson, Tex.Civ.App., 66 S.W.2d 755. There has been another appeal in the case from a judgment of dismissal following, and as the result of, an order sustaining a general demurrer to Plaintiff's petition. That judgment was reversed and the cause remanded. Ferguson v. Ferguson, Tex.Civ.App., 110 S.W.2d 1016. The opinion last cited sufficiently discloses the nature of the cause of action, there having been no subsequent amendment of the pleadings.

In the last trial, the jury having found upon a single issue submitted that "defendant A. M. Ferguson failed and refused to abide by and carry out the terms of the award of the Arbitrators introduced in evidence in this case", judgment was rendered for plaintiff, as aforesaid, from which defendant A. M. Ferguson has prosecuted writ of error. Plaintiff-in-error will be referred to as defendant, and defendant-in-error as plaintiff, the same as in the trial court. (Nominally the writ of error is also prosecuted by A. M. Ferguson in the purported capacity of temporary administrator of the estate of Kate F. Morton, deceased.)

A number of questions are attempted to be presented involving matters of controversy between these parties which have been adjudicated over and over in this court. The new questions sought to be raised will be considered upon the basis, taken as a premise, established by former decisions of this court, that the trial court had jurisdiction to render the judgment; that the award of the arbitrators, a covenant of which is involved in this suit, was a final judgment binding upon both plaintiff and defendant in any capacity; and that the pleadings were sufficient to support the judgment, at least as to the award to the plaintiff of damages in the sum of $25,000 and costs of suit.

Upon the former appeal this court having determined and adjudged that plaintiff's second amended original petition was not subject to general demurrer (as had been adjudged by the court below); and such judgment having become final; and there having been no subsequent amendment of said pleadings, the trial court did not err in overruling defendant's general demurrer subsequently urged. This proposition is so certain and elementary that it is deemed to merit no further discussion.

One question for decision may be stated in terms of the essential facts as follows: Where a special exception to a single paragraph of plaintiff's petition is sustained by the court, and the plaintiff does not except to such action, nor during the same

term of court ask leave to amend or file any amended petition; but subsequently, the case not having been dismissed or otherwise disposed of by final judgment, does file an amended petition, does the subject of the former special exception become res adjudicata of the cause of action, if any alleged in the earlier superseded pleading? All authority and reason concur in negative answers to this question. There is more than one answer.

■ In the first place, the judgment of the court elicited by the special exception was not a judgment that plaintiff had no cause of action to recover the $25,000 as liquidated damages. It was, in effect, the court's judgment that in the attempted statement of such cause of action the allegations in paragraph 13 were "vague and indefinite"; that they amounted to "a mere conclusion of the pleader"; that "no facts are alleged setting out wherein the defendant has failed or neglected or refused to adhere to the provisions of the Arbitration Agreement"; that "no facts [in that paragraph] are alleged showing that plaintiff agreed to carry into effect the award of the said Board or that said Board made the award in conformity with the said Arbitration Agreement." If such judgment, which was only interlocutory, had been final, it would not, in our opinion have supported a plea of res adjudicata of the cause of action, elements of which were alleged in other parts of the petition to which the special exception was not directed and to which other exceptions were directed but overruled by the court.

■ In Texas Jurisprudence it is said: "While a judgment dismissing a suit on sustaining a demurrer that goes to the merits of the cause of action is a judgment on the merits, and therefore an absolute bar to prosecution of another suit thereon, this is not true of a judgment which dismisses the action for mere defects of form. On the contrary, such a judgment is res judicata of nothing." 26 Tex.Jur. 93, sec. 394; Magee v. Chadoin, 30 Tex. 644; Nickelson v. Ingram, 24 Tex. 630; Foster v. Wells, 4 Tex. 101; Gray v. Edwards, 3 Tex.Civ.App. 361, 22 S.W. 537.

■ But the judgment sustaining the special exception was not a final judgment. It was interlocutory and not one which the law, by exceptional provision, has made appealable. If therefore, the judgment, instead of determining a matter of the insufficiency of form or manner of statement of a cause of action, had on the contrary determined that no cause of action as a matter of substance had been alleged, no dismissal or final disposition of the case having resulted, the judgment would be res adjudicata of nothing. When the amended petition was subsequently filed and recognized by the court, any question regarding the sufficiency of the superseded pleading, as to either form or substance, so far as relating to a question of res adjudicata, became immaterial. Texas Land & Loan Co. v. Winter, 93 Tex. 560, 57 S.W. 39; Kuehn v. Kuehn, Tex.Com.App., 242 S.W. 719, and authorities cited.

No final judgment was involved in the appeal of Ferguson v. Ferguson, Tex.Civ. App., 66 S.W.2d 755. That was an interlocutory judgment, appealable only because of special statutory provision authorizing appeal. R.S.1925, Art. 2250. The only questions before this court involved in the hearing upon that appeal were those relating to the propriety of the action of the court below in refusing to vacate a receivership. The receivership was not vacated because of any defect in plaintiff's petition, such as were pointed out in the special exception here considered and mentioned in the opinion. Rather the reference to the special exception and the court's action thereon served no purpose other than to show that any question concerning same was not then before the appellate court.

It follows also from what has been said that the court did not err in dismissing the case upon motion of defendant which motion was also based upon the same theory of res adjudicata.

■ There is an assignment of error to the effect that the court erred in refusing to give a peremptory instruction to the jury to return a verdict in favor of defendant against plaintiff for $25,000 and interest. We are unable to ascertain that any attempt has been made to brief any question based upon such assignment of error. We, therefore, treat the assignment of error as waived.

■ If we are in error in the view that the point has not been briefed, or has been waived, then in our opinion the assignment of error should be overruled. As pleaded by defendant, the alleged failure of plaintiff to abide by the award related to an action taken before the award of the arbitrators was finally made. There was no evidence—to say nothing of conclusive evidence as must

have existed to support the assignment—that plaintiff failed to abide by the award after it was made in final form.

Being of the opinion that no error has been shown and that the judgment should be affirmed, it is accordingly so ordered.

GRISSOM, J., disqualified and not sitting.