## WATERS-PIERCE OIL COMPANY V. STATE OF TEXAS.

### Decided October 25, 1907.

**1.—Foreign Corporation—Forfeiture—Receiver.**

The rulings ·in Waters-Pierce Oil Company v. State, 47 Texas Civ. App., affirming the constitutionality and validity of the Act of April 11, 1907 (Laws, 30th Leg. p. 175), and the power of the court, on pronouncing a judgment for the recovery of fines and penalties against a foreign corporation with forfeiture of its right to do business in Texas, to appoint a receiver for the property of such corporation within the State, followed.

**2.—Same.**

The appointment of a receiver for the property of a foreign corporation when its right to do business in Texas has been declared forfeited by judgment of the court is also authorized by subdivision 3 of article 1465, Sayles Civil Statutes.

**3.—Same—Pleading and Evidence—Judicial Knowledge.**

Upon motion for the appointment of a receiver of the property of a foreign corporation after judgment imposing penalties and forfeiting its right to do business in Texas, the court could take judicial knowledge of the facts established in the trial of the main case and the judgment rendered thereon.

**4.—Same.**

An application to the court, in a cause in which judgment had been recovered at suit of the State imposing penalties upon a foreign corporation for violations of the law and forfeiting its right to do business in Texas, setting up facts authorizing the appointment of a receiver, was a sufficient pleading to support such appointment, and it seems that the court could make such appointment by virtue of the original proceedings and judgment thereon, without other pleading invoking such action.

Appeal from the District Court of Travis County. Tried below before Hon. V. L. Brooks.

See cases of Waters-Pierce Oil Co. v. State, 47 Texas Civ. App., 162 and 299, and in this volume, post, p. 162.

·*Clark & Bolinger, Cochran & Penn, D. A. Odell* and *N. A. Stedman* (*J. D. Johnson* and *H. S. Priest,* of counsel), for appellant.—
An application for the appointment of a receiver, when not made in aid of a pending suit and before trial thereof, in order to confer jurisdiction upon the court, must be brought in the form of an independent suit and contain all allegations necessary in an original petition, setting up the rights of the plaintiff in particular property, describing same with sufficient certainty to enable the court to take cognizance of it and see that the value of the property as alleged is sufficient to confer jurisdiction upon the court. Such a petition must contain the necessary prayer for appropriate final relief with respect to the property, and a paper which merely asks for the appointment of a receiver pending its hearing, as was the said motion presented in this case, without any prayer for final relief, is a nullity and confers no jurisdiction upon the court. Revised Statutes, arts. 1177, 1181, 1191, 1337; Hall v. Jackson, 3 Texas, 305; Nye v.

Gribble, 70 Texas, 458; May v. Taylor, 22 Texas, 348; Mann v. Falcon, 25 Texas, 276; Bledsoe v. Wills, 22 Texas, 650; McConkey v. Henderson, 24 Texas, 212; Ex parte Lange, 18 Wallace, 175; Townes' Pleadings, pages 18 to 20; Bailey on Jurisdiction, sec. 23; Pomeroy, Eq. Remedies, sec. 118. That a proceeding after judgment must be brought as a new suit: Munds v. Cassidy, 98 N. C., 558; Thayer v. Hart, 24 Fed., 558.

Since there can be but one final judgment in any cause, the court was limited in its power to render a judgment against the appellant beyond the prayer of the petition, and the right of the State to the lien claimed against appellant's property, when not set up in the petition on which it went to trial, could be asserted only in an independent suit subsequently brought under the regular forms of procedure, and the attempt to inject into the suit the question of the lien upon appellant's property by motion filed in the same case, and the appointment of the receiver upon this motion after judgment had been rendered against appellant, resulted in denying to appellant the equal protection of the law and in depriving appellant of its property without due process of law, in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States. Same authorities.

When appellant's appeal bond was approved and filed in an amount sufficient and conditioned in all respects as required by article 1404 of the Revised Statutes of the State of Texas, the legal effect of such bond was to supersede the judgment rendered against appellant on June 1, 1907, and to vacate from the date of its rendition all process and proceedings looking to the collection of the judgment, and all orders made upon the application of the State for the appointment of a receiver were thereby superseded and became null and void, and it was the duty of the court to vacate its said orders and dismiss the motion or application of the State for the appointment of a receiver. Revised Statutes, art. 1406; Railway v. Jackson Bros., 85 Texas, 605; State v. Florida, 13 Fla., 33; Freeman on Executions (3d ed.), sec. 32.

To deny to appellant the right to prosecute its appeal from the judgment rendered against it on June 1, 1907, and to supersede the execution of this judgment pending its appeal, under the same conditions and with the same effect allowed to other litigants under the laws of the State of Texas, is to deny to appellant the equal protection of the laws in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States. Texas Constitution, art. 1, sec. 13; Dillingham v. Putnam, 14 S. W., 303; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S., 150; Ex parte Converse, 137 U. S., 624; Cotting v. Godard, 183 U. S., 79.

*R. V. Davidson,* Attorney-General; *Jewel P. Lightfoot,* Assistant; *Jno. W. Brady,* County Attorney; *Gregory & Batts* and *Allen & Hart,* for appellee.—Under the facts of this case, the State of Texas had the legal right to invoke the jurisdiction of the court to appoint a receiver of appellant's property and business in the manner and at

the time that it did so; and no error was committed, therefore, in overruling appellee's general demurrer to the motion of the State praying for the appointment of a receiver for said purpose. Revised Statutes, art. 1465; General Laws, Thirtieth Leg., pp. 175, 16, 34, 194, 221, 322; Hawood v. Lincoln Lumber Co., 64 Wis., 645; Appalachian Co. v. Buchanan, 90 Fed., 454; Ex parte Walker, 25 Ala., 81; Ellis v. Boston R. R. Co., 107 Mass., 28.

FISHER, CHIEF JUSTICE.—This is an appeal by the appellant from an order entered by the trial court appointing a receiver for the properties of the appellant company situated within the State of Texas. The history of the proceeding and the subject matter of controversy and the result reached by the trial court is fully explained and set out in the opinion of this court handed down in this case on June 28, 1907. There is also set out in that opinion the Act of the Legislature of April 11, 1907, which we there construed and held to authorize the course pursued by the trial court, which is objected to in the appeal we are now considering. It is unnecessary for us to recapitulate what was stated in the opinion referred to. We there, in effect, held that the Act of the Legislature referred to was constitutional, which ruling, after further consideration, we adhere to. The Act in question clearly authorized the procedure pursued by the trial court, and the spirit, meaning and purpose of the Act authorized the court, upon dissolution of the permit to do business within this State of the appellant's company at the instance of the suit by the State, to appoint a receiver for its properties within its jurisdiction. The reason for this conclusion we undertook to state in the opinion referred to, which agrees with the conclusion of the trial judge, as stated in the bill of exception which is a part of the record in this case.

Independent of the power conferred by the Act of the Legislature reviewed, we are of the opinion that the court had the authority to appoint a receiver by virtue of subdivision 3 of article 1465, Sayles' Civ. St. 1897. That subdivision is to the effect that a receiver may be appointed where a corporation is dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights. The corporate right of the appellant company to do business within this State was by virtue of a permit that had been granted to it by the State, and when an action is brought by the State to cancel and dissolve that permit, it is a proceeding which in our opinion comes within, if not the exact letter, the spirit and meaning of that part of the subdivision of the statute which relates to the forfeiture of the corporate rights of the corporation.

It is contended by the appellant that in the appointment of the receiver the trial court proceeded without pleading and evidence. The record and proceedings brought to this court by the appellant for our review contains no statement of facts, but there is a bill of exception which was approved by the court, in which it is stated that the court in passing upon the question of the appointment of the receiver, took judicial notice of the facts exhibited in the main

case upon which the receivership is predicated, and of the judgment and decree rendered in that case, wherein it appears from the record in this case the judgment against the appellant corporation was for a large sum, and also forfeiting its permit to carry on and conduct its business within this State. That branch of the case in which the receiver was appointed is merely an arm of the main' case, and is incidental to that proceeding. Both of them empower, if they do not expressly direct, the trial court to appoint a receiver when the State obtains its judgment canceling the permit. And there is another provision of the Act of 1907 which authorized a receiver to be appointed when the interests of the State might require it to be done. In view of these statutes, it is folly to say that the trial court must lose sight of the main controversy when he undertakes to appoint a receiver, and that before that jurisdiction can be exercised he must again rehear and review the facts that were established in the original case upon which the receivership depends; and we are of the opinion that the court was correct in the conclusion that it could take judicial knowledge of the facts established in the main case and the judgment based thereon. The appellant has seen fit to perfect a separate appeal from the order appointing a receiver and it has no statement of facts in the record showing that the facts which the court took judicial knowledge of did not exist and were not sufficient to authorize the action of the court in making the appointment. The effect of the action of the court was to hold that the facts that he took judicial knowledge of were sufficient to authorize and justify the appointment. The record here shows that the State has actually recovered a judgment for penalties and for cancellation of the permit to do business. The presumption will be indulged in favor of the action of the trial court, and, no fact appearing in the record brought up here by the appellant which would negative and destroy the force of this presumption, we must hold that we have in this record facts sufficient to justify the judgment below.

It is contended by the appellant not only that the facts are not sufficient, which contention we have just disposed of, but that the appointment was made by the court without being predicated upon any pleading in the nature of a petition or bill by the State asking for and showing grounds for the appointment of a receiver. The document filed by the State upon which the court acted in making the appointment we construe to be of the nature of a pleading. It is addressed to the court, and states facts under the statutes discussed that would authorize the court to appoint a receiver. A general demurrer was interposed, it seems, to this application, and was overruled. It states grounds and reasons why the court should make the appointment, and some of these reasons stated are of the nature embraced in the statutes upon which a court may act in making the appointment. But, however, if it could be held that the application of the State could not be regarded as a petition or a bill or something in the nature of a pleading requesting the appointment of a receiver, or if an instrument of this character but fatally defective, then the question in the case of forfeiture of the franchise or permit and the power of the court to appoint a receiver is set at

rest by the case of San Antonio Gas Co. v. State, 22 Texas Civ. App., 118. It is there, in effect, held that where there is a judgment forfeiting the corporate rights the court can independent of the request of anyone, exercise his judicial discretion as to whether he will or will not appoint a receiver. It is unnecessary to repeat what the court in that opinion says upon the subject. The proposition is forcibly discussed, and the ruling is squarely to the effect that the court can, without request, make the appointment in such a case.

As said before, we find no constitutional objection to the statutes under which the court acted in .making the appointment. What we have said is all that we think necessary to be said in disposing of this appeal.

*Affirmed.*

Writ of error refused.