## McKINNEY et al. v. SCOTT et al.
## No. 1001.

Court of Civil Appeals of Texas. Waco.

Jan. 29, 1931.

Robt. B. Thrasher, of Austin, for appellants.

Bush & Parten, of Franklin, for appellees.

## BARCUS, J.

On the threshold we are met with the proposition that there is no final judgment in this cause which authorizes the appeal or gives this court jurisdiction. The only judgment or order contained in the record is the order sustaining defendants' general demurrer to plaintiffs' petition. The order based thereon simply sustains the demurrer, and recites:

"It is therefore ordered, adjudged and decreed by the court that defendants Frank D. Scott and wife's general demurrer to plaintiffs' petition be and is hereby in all things sustained, to which ruling of the court the plaintiffs, in open court, except and give notice of appeal."

There was no order dismissing the cause.

■■ Our Supreme Court has held that an order sustaining a general demurrer is not a

final judgment. Kuehn v. Kuehn (Tex. Com. App.) 242 S. W. 719; Oilmen's Reciprocal Association v. Harris, 116 Tex. 247, 288 S. W. 809; Johnson v. Sunset Stores, Inc., (Tex. Civ. App.) 27 S.W.(2d) 644. Until a final judgment is rendered in the trial court, this court has no jurisdiction. Article 2249, Revised Statutes; Taylor v. Masterson (Tex. Civ. App.) 231 S. W. 856, and authorities there cited.

There being no final judgment, this court is without jurisdiction, and the appeal is therefore dismissed.