## BROCK et al. v. KELLEY et al.

### No. 4972.

Court of Civil Appeals of Texas. Texarkana.
May 24, 1935.

Rehearing Denied June 13, 1935.

Jones & Jones, of Marshall, for appellants.

Weeks, Hankerson & Potter, of Tyler, for appellees.

HALL, Justice.

The main case involving the parties hereto, except Judge Paul Brown, out of which this case grew, was tried at a regular term of the special district court of Rusk county, and judgment was rendered against appellants-relators. From this judgment they perfected their appeal to this court, which is still pending.

On March 11, 1935, while the main case was pending in this court, appellants-relators filed in the special district court of Rusk county their original petition, alleging ownership of the tract of land involved in the main suit; that 100,000 barrels of oil of the value of $100,000 had been run from the four oil wells on said land since the trial of the main case in the district court; and alleging fully, both statutory and equitable grounds, entitling them, under proper proof, to the appointment of a receiver to take charge of the property in controversy, pending the disposition of the main case on appeal.

The appellees answered by general demurrer and certain other allegations not necessary to mention here.

On April 5, 1935, the case was set for hearing on the feature of appellants-relators' petition seeking the appointment of a receiver, and upon said date the trial court sustained a general demurrer to appellants-relators' petition and entered the following judgment:

"On this the 5th day of April, 1935, being the date to which the application for appointment of a receiver in the above case and notice thereon has been postponed and continued, came on to be heard the said application, and the parties plaintiff and all

of the defendants except the Atlantic Petroleum Purchasing Corporation, the Magnolia Petroleum Company, the De Soto Crude Oil Purchasing Corporation, the Sinclair Prairie Oil Marketing Company and the Southern Oil Pipe Line Company, appeared by their respective attorneys and announced ready for trial, and thereupon said defendants before the court, presented their general demurrer to the plaintiff's amended original petition is so far as it asks for the appointment of a receiver. The court having considered the said demurrer or exception and the plaintiff's original petition, and the plaintiff's amended original petition, to which the same applies, and being of the opinion that the court is without jurisdiction to hear the matters set forth in the said pleadings of the plaintiffs in so far as the appointment of a receiver is asked, held that the said general demurrer or general exception of said defendants should be in all things sustained as to the request for the appointment of a receiver.

"It is Therefore Adjudged and Decreed that the said general exception be and the same is in all things sustained as to the application for the appointment of a receiver, and the right of plaintiffs to a hearing on the said pleadings and the introduction of testimony in support thereof, be and is denied. To which judgment of the court the plaintiffs then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals, Sixth Supreme Judicial District, Texarkana, Texas.

"The cost bond of plaintiffs on such appeal is fixed at One Hundred ($100.00) Dollars.

"Paul G. Brown, Judge."

From this judgment appellants-relators appeal to this court, and appellees move to dismiss said appeal because the judgment appealed from is not final.

After this appeal was perfected and motion made to dismiss same, appellants-relators made application to this court for writ of mandamus against Hon. Paul Brown, district judge of the special district court of Rusk county to compel him to proceed with the trial of that feature of the case wherein application is made for the appointment of a receiver.

We think an examination of the judgment entered by the trial court will reveal that appellees' motion to dismiss is well taken. The judgment appealed from is in no sense a final judgment. It does not dispose of the litigation or any part thereof. If the trial judge in his judgment had dismissed this case in so far as same sought the appointment of a receiver, in addition to having sustained a general demurrer thereto, we think it would have been a final judgment. In this connection we conclude it would not be necessary to state in said judgment that the appellants-relators refused to amend for the reason that the trial judge sustained the general demurrer because he had no jurisdiction to hear the application for appointment of a receiver. Texas Land & Loan Co. et al. v. Winter, 93 Tex. 560, 57 S. W. 39; Oilmen's Reciprocal Ass'n v. Harris et al., 116 Tex. 247, 288 S. W. 809; Kuehn v. Kuehn (Tex. Com. App.) 242 S. W. 719; Hill et al. v. Nolan et al. (Tex. Civ. App.) 147 S. W. 365; Saffle v. Jones County (Tex. Civ. App.) 5 S. W.(2d) 185; Johnson v. Sunset Stores, Inc. (Tex. Civ. App.) 27 S.W.(2d) 644; McKinney et al. v. Scott et al. (Tex. Civ. App.) 35 S.W.(2d) 459.

We shall next consider appellants-relators' application for mandamus. It will be noted that the trial judge sustained the general demurrer to the application of appellants-relators for the appointment of a receiver because he had no jurisdiction to try such issue, and in addition thereto, refused to hear evidence on said application. No contention is made, except in the trial judge's answer to the application for mandamus, that the pleadings of appellants-relators did not contain sufficient averments to warrant the appointment of a receiver if the facts in support thereof were sufficient. The question, then, that presents itself to us is: Did the trial court have jurisdiction to try the issue asking the appointment of a receiver? We think it did. It is true the district court lost jurisdiction of the issues involved in the main case by virtue of the appeal to this court, but it had the undoubted jurisdiction to appoint a receiver for the property involved in the main suit, should it become necessary and the facts justify it, while the main case was pending on appeal in this court. United North & South Oil Company v. Meredith (Tex. Civ. App.) 258 S. W. 550; Waters-Pierce Oil Co. v. State, 48 Tex. Civ. App. 147, 105 S. W. 851; Magnolia Petroleum Co. v. Jackson (Tex. Civ. App.) 80 S.W.(3d) 388.

We are not unmindful of the fact that the district judge, in his answer to appellants-relators' application for mandamus, states that he regards the case seeking the appointment of a receiver as still pending in the district court of Rusk county, " * * * and that in so far as the action taken by Respondent as District Judge is concerned, Relators still have the right to amend their application for the appointment of a Receiver, and that if as amended plaintiffs (Relators) state legal or equitable grounds for the appointment of a Receiver, are not subject to demurrer, that he will proceed to hear it." This statement in Judge Brown's answer, it seems to us, is in direct conflict with the judgment entered by him at the hearing on the application for appointment of a receiver, wherein he states that the general demurrer is sustained because he had no jurisdiction to hear and determine such issue. The allegations in the pleadings of appellants-relators asking for the appointment of a receiver, in our judgment, are amply sufficient to admit proof in support thereof. We are unable to comprehend what method appellants-relators would employ to amend their pleadings so as to confer jurisdiction on the district court to try this issue if in fact it had none.

In the answer of Judge Brown to the application for mandamus he moves this court to dismiss same, because, among other reasons, he states the case in which the general demurrer was sustained was a suit involving the title to the same property and the oil taken therefrom involved in the main suit now on appeal; that only a portion of said case, that involving the appointment of a receiver, was before him for trial, and that said cause now stands on his docket for trial. We think the case set for trial in this instance was the application for the appointment of a receiver. That was the only feature of said case over which the trial court had jurisdiction. The dispute as to the title to the property and the oil runs therefrom were on appeal, and this court had exclusive jurisdiction of those matters. It is no concern of this court on this appeal whether, after a hearing on appellants-relators' application for receiver, the trial court appoints or refuses to appoint a receiver. Terrell v. Greene, 88 Tex. 539, 31 S. W. 631, 632; G., C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S. W. 897, 4 A. L. R.

613; Schintz v. Morris, 13 Tex. Civ. App. 580, 35 S. W. 516, 36 S. W. 292. Attention is invited to the case last cited above for a complete and exhaustive discussion of the decisions of this state and other jurisdictions relative to this subject.

We are of the opinion that the district court of the special district of Rusk county has jurisdiction to try this case as regards the appointment of a receiver; and we are further of the opinion that the pleadings are sufficient to admit proof on said issue. This being true, it follows that the Honorable Paul Brown, district judge of special judicial district of Rusk county, committed error in sustaining the general demurrer to that feature of the appellants-relators' petition asking the appointment of a receiver, and in refusing to hear evidence in support thereof.

Therefore, the clerk of this court is directed to issue a writ of mandamus directed to the Honorable Paul Brown, judge of the special judicial district of Rusk county, Tex., commanding him to try this cause to judgment in so far as same relates to the appointment of a receiver.