**WEDGWORTH v. DAVENPORT, Judge.**

No. 14529.

Court of Civil Appeals of Texas. Fort Worth.

April 9, 1943.

Rehearing Denied, April 23, 1943.

V. K. Wedgworth, of Fort Worth, relator.

R. E. Rouer, S. Langford Carlton, and Heard L. Floore, all of Fort Worth, for respondents.

PER CURIAM.

We have before us an application for a writ of mandamus to be directed to the judge presiding over the district court for the seventeenth judicial district of Texas.

The application is presented by V. K. Wedgworth, who is one of the defendants in Cause No. B 4021, brought by the City of Fort Worth against said Wedgworth and one L. J. Hawkins to recover certain taxes alleged to be delinquent on certain real property situated in the said City, said delinquencies being for the years 1919 to and including 1941.

The State of Texas and Tarrant County were brought into said suit and became interveners seeking to recover taxes due said State and County.

Petitioner Wedgworth filed in said tax suit a pleading in which he seeks to recover certain sums of money over and against the said City. When the matters in controversy were brought to the attention of the trial court, certain special exceptions to the allegations seeking a money judgment over against said City were presented to the court, and on January 22, 1943, the trial court made the following order: "This 22nd day of January, 1943, came the parties by their attorneys and then came on to be heard the plaintiffs' special exceptions Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 contained in their second supplemental petition to the answer of the defendant, V. K. Wedgworth, and the argument of counsel thereon being heard, it is the opinion of the court that the law is for the plaintiffs.

"It is therefore considered by the court that the special exceptions be sustained and that the defendant, V. K. Wedgworth, do answer further, and it is so ordered, adjudged and decreed."

Petitioner advises us that he was not satisfied with such order as made because it does not properly reflect the action that

was in fact taken by the trial court, and that, at the instance of petitioner, on the following day the trial court made this order: "This day came the parties by their attorneys and then came on to be heard the plaintiffs' special exceptions Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11, contained in their second supplemental petition, to the set-off, counterclaim and cross-action contained in the answer of defendant V. K. Wedgworth; the contention being made by plaintiffs that since their suit was a simple suit for taxes, no set-off, counter-claim or cross-action could be pleaded in defense. And the arguments of counsel being heard thereon, it is the opinion of the court that the law is for the plaintiff.

"It is therefore considered by the court that plaintiffs' said special exceptions be sustained, and that the set-off, counter-claim and cross-action contained in the answer of said defendant Wedgworth· be, and the same are hereby dismissed and stricken from defendant's said answer. To which ruling said Wedgworth excepted."

We look to the prayer of petitioner to find what relief is sought, viz: "Wherefore, premises considered, petitioner prays that he be allowed to file this petition, and that the said Hon. Geo. L. Davenport, acting judge of the 17th district court of Tarrant County, Texas, be required to show cause why he should not be mandamused and ordered to set said cross-claims and counterclaims of petitioner to be tried with the entire suit; or, in the first alternative, to set petitioner's claims with reference to said rights-of-way and said acre of ground to be tried as a defense or set-off to plaintiff's tax suit; or, in the second alternative, to set all of petitioner's set-offs, cross-claims and counter-claims to be tried in a separate suit, and to be tried before plaintiff's suit for taxes, in order that the title to the aforesaid portions of property may be first adjudicated, etc."

Petitioner relies upon the following Rules of Civil Procedure:

No. 819, which provides, in substance, that all procedure prescribed by statutes that are not specifically listed as being "repealed" shall, insofar as they are not inconsistent with the New Rules, continue as rules of court.

Rule 2, which provides, in substance, that the statutes in effect immediately prior to September 1, 1941, prescribing rules of procedure in tax suits are continued to govern such cases, but where the said statutes prescribed no rules of procedure the new Rules should apply.

Rule 97, which is:

"Counterclaim and Cross-Claim. (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

"(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party whether or not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

"(c) Counterclaim Exceeding Opposing Claim. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party, so long as the subject matter is within the jurisdiction of the court.

"(d) Counterclaim Maturing or Acquired After Pleading. A claim which either matured or was acquired by the pleader after filing his pleading may be presented as a counterclaim by amended pleading.

"(e) Cross-claim Against Co-party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

"(f) Additional Parties May Be Brought In. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive

the Court of jurisdiction of the action; provided that in tort cases this rule shall not be applied so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract liable to the person injured or damaged.

"(g) Tort shall not be the subject of set-off or counterclaim against a contractual demand nor a contractual demand against tort unless it arises out of or is incident to or is connected with same.

"(h) Separate Trials; Separate Judgments. If the court orders separate trials as provided in Rule 174, judgment on a counterclaim or cross-claim may be rendered when the court has jurisdiction so to do, even if the claims of the opposing party have been dismissed or otherwise disposed of."

Rule 174, which is:

"Consolidation; Separate Trials. (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

"(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

[1] We are of opinion that the order of the trial court, of which complaint is made, is not, nor can it be construed as, a final judgment.

Not being a final judgment, petitioner could not appeal therefrom, but we are of opinion that seeking a writ of mandamus is not the proper remedy.

[2] We do not construe the Rules of Civil Procedure to mean that Articles 7049 and 7329 of the Revised Civil Statutes and the decisions of the Courts of Texas thereunder have been changed or superseded by such New Rules.

Article 7049 provides that taxes shall be payable in currency or coin of the United States, and makes the single exception that persons who hold "scrip" issued to them for services rendered a county may pay their county ad valorem taxes with such scrip.

Under this statute there is cited the case of Dallas Joint Stock Land Bank v. Ellis County Levee Imp. Dist. No. 3, Tex. Civ.App., 55 S.W.2d 227, wherein it is distinctly held that a claim against the state or a municipality cannot be set-off against a tax demand.

The decision is supported by such authorities as Vol. 26 R.C.L. § 337, page 378; Vol. 24 R.C.L., page 817; Cooley on Taxation, 2nd Ed., page 15, and Vol. 57 C.J. page 381, and many authorities cited in the texts.

We also find that Article 7329 (R.C.S.) provides that there shall be no defense to a suit brought to collect delinquent taxes except that the defendant was not the owner of the land when the suit was filed; that the taxes have been paid; and that the taxes sued for are in excess of the limit allowed by law, and that this defense should only apply to the "excess".

Article 7337, R.C.S. provides that incorporated cities, towns and school districts shall have the right to enforce the collection of delinquent taxes due to it under the provisions of Chapter Ten, Vernon's Ann.Civ.St. art. 7319 et seq., which covers "Delinquent Taxes".

We do not believe that it is obligatory, on the part of the trial court, to set the cross-claims or counterclaims of petitioner and to try same in the tax suit, nor that it is obligatory on the part of the trial court to set petitioner's claims with reference to the "rights-of-way issue" and that arising over the "acre of ground" (all specifically set forth in petitioner's pleadings) and to try same as a defense or set-off against the tax suit, nor that it is obligatory on the part of the trial court to set all of petitioner's set-offs, cross-claims and counterclaims and try same in a separate suit "before plaintiff's suit for taxes is tried".

If, as is contended by petitioner, the effect of the trial court's order was to deny him any right whatsoever to present and urge his "set-offs, cross-actions and counterclaims" at any time, then it appears to us that, after a final judgment is rendered in the case, the action of the trial court may be reviewed on appeal, but we believe that we have no authority, at this

time, and under the proceedings and record brought before us, to pass upon such action.

For the reasons stated the petition for a writ of mandamus is denied.