B. G. MUELLER and F. W. Huber,
Appellants,

v.

C. Stanley BANKS, Executor of the Estate
of Henry Mueller, Deceased, et al.,
Appellees.

No. 13370.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 22, 1958.

Robt. H. Rice, San Antonio, for appellants.

House, Mercer & House, James D. Cunningham, San Antonio, for appellees.

POPE, Justice.

Plaintiffs, B. G. Mueller and F. W. Huber, on June 18, 1957, brought suit against the executor of Henry Mueller's es-

tate, John McVay and certain creditors, for the purpose of setting aside a former judgment entered on November 5, 1952. They claimed the former judgment was void. Defendants filed "Motion to Dismiss and Expunge" addressed to each of the plaintiffs' pleadings and asserted that plaintiffs' suit affirmatively shows on its face that it is barred by the former 1952 judgment. The trial court sustained the motion to dismiss. This case is before us strictly as a hearing upon the sufficiency of plaintiffs' pleadings, and the motions to dismiss were actually exceptions to the sufficiency of the pleadings. Clark v. City of Dallas, Tex.Civ.App., 228 S.W.2d 946.

■ Ordinarily, pleas of limitations and res judicata are matters of affirmative defense. Rule 94, Texas Rules of Civil Procedure. However, when a pleading affirmatively states facts which demonstrate that the suit is barred, an exception may be used to test the pleadings. McDonald, Texas Civil Practice, § 7.19. It is apparently upon this principle that defendants urged that the plaintiffs' action did not assert a cause of action.

■ The petition shows that the present suit was filed about four and one-half years after the date of the former judgment. Plaintiffs, however, pleaded that this suit was against the estate of Henry Mueller. Henry Mueller was the adverse party to plaintiffs in the former action, and shortly after the former judgment he died. Plaintiffs, in computing the period of limitations, had the benefit of Art. 5538, Vernon's Annotated Texas Civil Statutes, which tolled limitations for twelve months after Henry Mueller's death. Since this action was brought within four years after deduction of the twelve-month period during which limitation was tolled, the action was not barred.

■■ The other point urged by defendants' pleadings was that the present suit is barred by the 1952 judgment. In testing the pleadings against exceptions, we must as-

sume as true all the well-pleaded allegations of the petition. Ulmer v. Ulmer, 139 Tex. 326, 162 S.W.2d 944. The pleadings assert that the 1952 judgment purports to be an agreed judgment entered into by their attorneys, that plaintiffs did not authorize its entry, nor the terms thereof; that they did not know that the judgment undertook to settle claims which were wholly outside the pleadings of the parties in that former suit, and that their attorney had no authority to settle all claims, whether then in suit or not, and that said judgment purported to be a complete settlement of all disputes between the parties. When we take as true all of plaintiffs' allegations, the pleadings asserted a cause of action.

■■ The motions to dismiss were, in fact, allegations of special exceptions and an order merely sustaining them is not a final judgment. There were three separate orders. The first order was dated February 10, 1958, and it sustained defendants' motion to dismiss plaintiffs' petition. The second order, dated February 28, 1958, sustained defendants' motion to dismiss the first supplemental answer and cross-action of F. W. Huber. Huber was actually aligned with plaintiff B. G. Mueller. The third order, also dated February 28, 1958, sustained defendants' motion to dismiss F. W. Huber's first supplemental answer and cross-action. An order sustaining exceptions is not a final judgment, since the party has the right to amend to meet the order sustaining the exceptions. Kuehn v. Kuehn, Tex.Com.App., 242 S.W. 719; Martin v. Hunter, Tex.Civ.App., 233 S.W.2d 354; Wedgworth v. Davenport, Tex.Civ. App., 170 S.W.2d 789; Brock v. Kelley, Tex.Civ.App., 85 S.W.2d 274.

It, therefore, appears to this Court that the trial court has only sustained special exceptions Until the trial court dismisses the action or enters a final judgment, there is no final appealable judgment. The appeal will therefore be dismissed for want of jurisdiction by this Court. Costs are adjudged against the appellants.