**Abatement Order filed April 28, 2022.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

———————

**NO. 14-20-00309-CV**

———————

**ANTONIO VARGAS, Appellant**

**V.**

**RIGID GLOBAL BUILDINGS, LLC, Appellee**

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-72919**

## ABATEMENT ORDER AND NOTICE OF POSSIBLE INVOLUNTARY DISMISSAL

The appellate record reflects the following procedural history:

- On February 21, 2019, appellant Antonio Vargas initiated an arbitration against appellee Rigid Global Buildings, LLC that was administered by Benchmark Arbitration Services, Inc.

- On August 5, 2019, the arbitrator issued an arbitration award in favor of Global and against Vargas (the "Arbitration Award").

- On March 19, 2020, in cause no. 2019-72919, in the 127th Judicial District Court of Harris County, Texas, the trial court signed an order in which it denied Vargas's petition to vacate the Arbitration Award.

- On the same date, the trial court signed another order ("Second Order") in which the trial court (1) granted Rigid's motion to confirm the Arbitration Award, (2) dismissed, based on the Arbitration Award, all of Vargas's claims against Rigid, except for the breach of contract claim that Vargas had asserted in his petition to vacate, (3) sustained Rigid's special exception to Vargas's breach of contract claim, and (4) ordered Vargas to replead sufficient facts to support his breach of contract claim within seven days from March 19, 2020 or the trial court would dismiss this claim without prejudice.

- In the Second Order, the trial court stated that if the trial court dismissed the breach of contract claim, then the trial court's order would be a final judgment. The trial court also said that it intended the order to be a final judgment if Vargas did not replead his breach of contract claim. The trial court also stated that if Vargas did replead his breach of contract claim, the order would be a partial judgment.

- The record reflects that Vargas did not attempt to replead his breach of contract claim and that the trial court did not dismiss Vargas's breach of contract claim.

- On April 17, 2020, Vargas filed a notice of appeal, in which he stated that he was appealing the trial court's final judgment of March 19, 2020.

- We construe the two orders of March 19, 2020 together as a single judgment. *See Henderson v. Shanks*, 449 S.W.3d 834, 838 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). In the trial court's judgment, the trial court sustained a special exception to the breach of contract claim, but an order sustaining special exceptions as to a claim and ordering repleading does not dismiss the claim and is not a final, appealable judgment. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008); *Mueller v. Banks*, 317 S.W.2d 254, 255 (Tex. Civ. App.—San Antonio 1958, no writ). In its March 19, 2020 judgment, the trial court did not dispose of Vargas's breach of contract claim and therefore the trial court has not actually disposed of all claims and all parties before the court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001).

- In its judgment, the trial court stated that "any relief not expressly granted herein is hereby denied." But, because there had not been a conventional trial on the merits, this Mother Hubbard clause did not state with unmistakable clarity that the trial court was rendering a final judgment. *See Lehmann*, 39 S.W.3d at 192, 203–04. The trial court also stated that "[t]his is intended to be a final order should [Vargas] not replead his breach of contract claim." But this statement of intent did not change the fact that the trial court did not dismiss the breach of contract claim, nor does the statement make the trial court's judgment final and appealable. *See Lehmann*, 39 S.W.3d at 205. The trial court also stated that it would dismiss the breach of contract claim in the

future if Vargas did not replead this claim within seven days. In the judgment, the trial court did not state with unmistakable clarity that it was rendering a final judgment. *See Lehmann*, 39 S.W.3d at 192–93, 200. Thus, the trial court's March 19, 2020 judgment is interlocutory. *See Lehmann*, 39 S.W.3d at 192–93.

- The record does not reflect that the trial court has signed any order or judgment after March 19, 2020 that would make the trial court's judgment final.

- Vargas has sought to appeal from the March 19, 2020 judgment based on this court's appellate jurisdiction over final judgments.

For the March 19, 2020 judgment to be final and appealable, the trial court must have actually disposed of all claims and parties in cause no. 2019-72919 or stated with unmistakable clarity that the court was rendering a final judgment. *See Lehmann*, 39 S.W.3d at 192–93, 200. A statement that the judgment is final and that all relief not granted is expressly denied is not sufficient to state with unmistakable clarity that the court is rendering a final judgment when there has not been a conventional trial on the merits. *See id*. at 203–05. If the trial court had signed a subsequent order dismissing Vargas's breach of contract claim after he failed to replead within seven days, the trial court would have rendered a final judgment.

This court may abate the appeal to permit the trial court to take action to make an interlocutory judgment final, for example by signing an order dismissing a claim that has not yet been disposed of by the trial court. *See* Tex. R. App. P. 27.2, 27.3; *Lehmann*, 39 S.W.3d at 206.

Accordingly, we order the case abated and remanded to the trial court for a period of twenty days to allow further proceedings. If actions are taken that result in a final and appealable judgment, then this court will proceed to a determination of the merits of this appeal. If no action is taken that results in a final and appealable judgment, then this appeal is subject to involuntary dismissal without further notice. *See* Tex. R. App. P. 42.3. The trial-court clerk is directed to prepare, certify, and file a supplemental clerk's record containing any order signed by the trial court and any document filed with the trial court in this case during the abatement period,

along with any other items designated by the parties. The trial-court court reporter is directed to prepare, certify, and file a reporter's record of any proceedings in the trial court during the abatement period. The supplemental clerk's record and any supplemental reporter's record shall be filed with the clerk of this court on or before **May 25, 2022**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental records are filed in this court. The court also will consider an appropriate motion to reinstate the appeal filed by any party, or the court may reinstate the appeal on its own motion.

It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM


Panel consists of Justices Jewell, Spain, and Wilson.