

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00117-CV

_____

CALEB MOORE, Appellant

V.

ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-291883-17

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

This is the third appeal in this case. Following a determination that it lacked jurisdiction, the trial court denied Appellant Caleb Moore's request for additional attorney's fees associated with defending preceding appeals by Appellee Allstate County Mutual Insurance Company (Allstate). Moore now appeals, and we reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Christine Hill (Hill) sued Allstate after a motor vehicle collision to recover under her uninsured/underinsured motorist (UIM) policy. After a jury trial, Hill was awarded damages—with pre-and post-judgment interest—attorney's fees, and court costs. Allstate appealed the final judgment on the issue of attorney's fees, and we affirmed the judgment. *See Allstate Cnty. Mut. Ins. Co. v. Hill*, No. 02-20-00174-CV, 2021 WL 2978746, at *3 (Tex. App.—Fort Worth July 15, 2021, no pet.) (mem. op.) (*Allstate I*).

Allstate failed to timely pay the judgment, and Hill applied for a turnover order and for the appointment of a receiver to collect on the judgment. The trial court granted Hill's application and appointed Caleb Moore (Moore) as receiver. Allstate then paid the judgment, and Moore filed his receiver's report and fee application. Moore requested that the trial court approve his receiver's fee of $27,345 for work that he had expended as receiver. He did not specifically request a contingent award for appellate fees. The trial court ultimately awarded Moore $15,000 in fees, which did not include an award for appellate fees. Allstate appealed that award, and we

2

affirmed the award. *See Allstate Cnty. Mut. Ins. Co. v. Hill*, No. 02-22-00261-CV, 2023 WL 3113951, at *1 (Tex. App.—Fort Worth Apr. 27, 2023, no pet.) (mem. op.) (*Allstate II*). Neither the trial court nor this court issued a ruling or order that closed the receivership.

After we affirmed the receiver's-fee award, Moore filed his receiver's final report, request to close receivership, and request for award of receiver's cost and attorney's fees in which he sought recovery of $14,980 in attorney's fees that he had accrued defending the previous appeal and $10 in unpaid court costs. He attested that the fee covered various appellate tasks and included payment for work completed by himself, an appellate attorney he had hired to help with the appeal, and a legal clerk.

Allstate objected to Moore's request, arguing that the trial court no longer had jurisdiction to award the fees relating to work done on the previous appeal. It also argued that Moore had waived his request for appellate attorney's fees by failing to request them from the trial court. The trial court denied Moore's request, noting its belief that it no longer had jurisdiction to award the additional attorney's fees. Moore moved for reconsideration, which the trial court denied. Moore appealed.

## II. STANDARD OF REVIEW

A trial court's determination of jurisdiction raises a question of law that we review de novo. *In re Labatt Food Service, L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding); *EcoProduct Sols., L.P. v. ENGlobal Eng'g, Inc.*, No. 01-10-00366-CV, 2011 WL 2624003, at *4 (Tex. App.—Houston [1st Dist.] June 30, 2011, pet. denied)

3

(mem. op.) (citing *In re Fleetwood Homes, L.P.*, 257 S.W.3d 692, 694 (Tex. 2008) (orig. proceeding).

## III. DISCUSSION

Moore argues that the trial court erred by concluding that it did not have jurisdiction to make a ruling on his request for appellate attorney fees associated with the receivership. We agree with Moore—the trial court had continuing jurisdiction. We confine the scope of our discussion to the issue of the trial court's jurisdiction and do not address whether Moore is entitled to additional attorney's fees.

Texas has long recognized the independent and ongoing nature of receivership proceedings and its exception to the one-final-judgment rule. *See Mitchell v. Turbine Res. Unlimited*, 523 S.W.3d 189, 196 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Hill v. Hill*, 460 S.W.3d 751, 764 (Tex. App.—Dallas 2015, pet. denied). Unlike plenary power, which generally only lasts for thirty days after final judgment, a trial court's post-judgment enforcement powers "can last until the judgment is satisfied." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co. L.P.*, 540 S.W.3d 577, 581 (Tex. 2018) (quoting *Black v. Shor*, 443 S.W.3d 170, 176 (Tex. App.—Corpus Christi 2013, no pet.)).

Further, a court that appoints a receiver to assist with enforcement of a judgment retains "continuing jurisdiction and control" over the receiver and receivership property until concluding the proceeding. *See Bowman v. The Bank of N.Y. Mellon Tr. Co.*, No. 05-13-01684-CV, 2016 WL 258765, at *4 (Tex. App.—Dallas

4

Jan. 21, 2016, pet. denied) (mem. op.) (citing *Pratt v. Amrex, Inc.*, 354 S.W.3d 502, 504–05 (Tex. App.—San Antonio 2011, pet. denied)). In particular, the trial court has jurisdiction to conduct proceedings necessary to conclude the receivership and discharge the receiver. *See Bayoud v. Bayoud*, 797 S.W.2d 304, 310 (Tex. App.—Dallas 1990, writ denied) ("However and whenever a receivership ends, the trial court must conduct the necessary proceedings to discharge the receiver." (quoting *Humble Exploration Co. v. Walker*, 641 S.W.2d 941, 945 (Tex. App.—Dallas 1982, no writ))).

A receivership is unique in that the trial court can conduct proceedings long after judgment in the main case is final. *Gilles v. Yarbrough*, 224 S.W.2d 720, 722 (Tex. Civ. App.—Fort Worth 1949, no writ) (trial court did not abuse its discretion by denying motion to terminate receivership long after judgment in main case became final). This authority includes modifying the trial court's previous orders to respond to new circumstances. *Hill*, 460 S.W.3d at 764 (holding that, even after a final judgment was entered, the trial court had the power to grant the requested relief of fees associated with post-judgment proceedings and responses).

Although perfection of an appeal generally terminates the authority of a lower court, receiverships are unique in that a trial court retains jurisdiction to appoint a receiver even while the main case is on appeal. *See Panhandle Constr. Co. v. Lindsey*, 123 Tex. 613, 72 S.W.2d 1068, 1072 (1934); *Bergeron v. Session*, 554 S.W.2d 771, 774–75 (Tex. Civ. App.—Dallas 1977, no writ); *see also Brock v. Kelley*, 85 S.W.2d 274, 275 (Tex. Civ. App.—Texarkana 1935, no writ).

*Anderson v. Archer* specifically addresses the issue of a trial court's jurisdiction over receivership following an appellate mandate. No. 03-19-00003-CV, 2019 WL 6205524, at *3 (Tex. App.—Austin Nov. 21, 2019, pet. denied) (mem. op.). After the supreme court issued its mandate in a will contest proceeding, the trial court issued an order that determined the costs of court on remand and awarded additional attorney fees to the receiver, despite there being no mandate from the supreme court dealing with or authorizing the additional receiver fees. *Id.* The order was appealed, and the Austin Court of Appeals held that the trial court retained jurisdiction after the mandate to apportion costs of the receiver, despite there being no mandate on the issue. *Id.*

Here, although the judgment was duly satisfied because Allstate remitted payment to Moore, the trial court did not conclude the receivership.[1] As a result, when the trial court granted Moore's request for fees, it did not forfeit its jurisdiction nor foreclose its ability to consider his subsequent requests for post-judgment participation. *Hill*, 460 S.W.3d at 764. Beyond that, new circumstances related to the receivership—a second appeal—required Moore's response and participation. *Id.* Likewise, our mandate did not address the costs of Moore's receivership, and we

_____

[1]Once the need for the receivership had passed, as it did in this case, the trial court had power to conduct proceedings necessary to conclude the receivership and discharge the receiver. *Hill*, 460 S.W.3d at 763; *see also Chimp Haven, Inc. v. Primarily Primates, Inc.*, 281 S.W.3d 629, 633 (Tex. App.—San Antonio 2009, no pet.) (holding the trial court properly modified an order discharging receiver to retain jurisdiction to dispose of receivership property).

conclude that the trial court retained jurisdiction to grant relief on this issue. *Hill*, 2023 WL 3113951, at *1; *see Archer*, 2019 WL 6205524, at *3. Thus, we sustain Moore's issue.

When Moore filed his final report, he sought the trial court to exercise its power to conclude and discharge the receivership. *Bayoud*, 797 S.W.2d at 310. Though the trial court had lost plenary power over issues resolved by the final judgment, as noted above, the trial court still had jurisdiction to award costs associated with the receivership. *See Cook*, 733 S.W.2d at 138; *see also Hill*, 460 S.W.3d at 764. Because we sustain Moore's issue on appeal, we hold that the trial court erred in its legal determination that it did not have jurisdiction, as it retained authority to dispose of Moore's requests. *See Jones v. Strayhorn*, 321 S.W.2d 290, 293–95 (Tex. 1959) (reviewing order apportioning costs of receivership rendered after the Texas Supreme Court rendered judgment in underlying case).

## IV. CONCLUSION

Having concluded that the trial court had jurisdiction to dispose of Moore's requests, we reverse the trial court's order and remand for further proceedings on this issue.

/s/ Brian Walker

Brian Walker
Justice

Delivered: January 30, 2025